UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TRINITY MILLER, ET AL.                                          CIVIL ACTION

VERSUS

JAMES LEBLANC, ET AL.                                  NO. 21-00353-BAJ-RLB

**RULING AND ORDER**

Before the Court is the **12(b)(6) Partial Motion to Dismiss (Doc. 16, the "Motion")**, submitted by Defendants James M. LeBlanc, Darrel Vannoy, and Brandalynn McMullen. The motion is opposed. (Doc. 23). For reasons to follow, Defendants' Motion will be granted, subject to Plaintiffs' right to submit an amended complaint consistent with the relief set forth herein.

**I.     BACKGROUND**

   **a. Facts**

This is a wrongful death and survival action. Plaintiffs are the children of former Louisiana State Penitentiary (LSP) inmate Michael Miller ("Miller", or "Decedent"). (Doc. 1, ¶3-4). Miller died while in custody LSP from an apparent drug overdose after ingesting a "bag" of illegal drugs that Defendant Correctional Officer Brandalynn McMullen tried to confiscate from him. (Doc. 1 ¶13, 19). Plaintiffs allege the following operative facts:

In March 2020, the LSP suspended all visits by lawyers and family members. (Doc. 1 ¶10). It is not specifically alleged who gave Decedent the drugs or how he came into possession of the drugs. It is merely alleged that between March 2020 and June

2020 prison staff "smuggled methamphetamine and heroin into LSP and distributed these drugs to Mr. Miller." (Doc. 1 ¶11). On June 20, 2020, Decedent was in his dorm area when Officer McMullen conducted a pat down search of his body. (Doc. 1 ¶13). During the search, Officer McMullen discovered a bag of drugs on Decedent's person, at which time Decedent grabbed the bag and swallowed it. (Doc. 1 ¶ 15). Thereafter, Officer McMullen allegedly ignored LSP policy by failing to provide Decedent with medical care and, instead, intentionally ordered that Decedent be placed in a disciplinary lockdown cell. (Doc. 1 ¶17-18). Decedent was never evaluated by medical personnel.

At some point while in disciplinary lockdown, "Other Officers" noticed that Decedent began exhibiting signs of medical distress similar to that of a drug overdose. (Doc. 1 ¶21). "Other Officers" left Decedent in his cell and made no effort to seek medical aid despite obvious signs that he was in medical distress. (Doc. 1 ¶22-23, 25). An autopsy later revealed that he died on June 21, 2020 from "Mixed Drug (methamphetamine and heroin) toxicity." (Doc. 1 ¶28).

### b. Procedural History

Plaintiffs filed suit on June 18, 2021, against Defendants James LeBlanc, Darrel Vannoy, Officer McMullen, and "Other Currently Unknown Defendants." (Doc. 1). Plaintiffs assert three claims. First, a Section 1983 claim against Defendants LeBlanc and Vannoy, in their individual capacities, for the establishment of a system in which inmates with serious medical issues are denied access to appropriate medical care. (Doc. 1 ¶38). Second, a Section 1983 claim against Defendant Vannoy,

in his individual capacity, for failure to supervise the officers of the Louisiana State Penitentiary to ensure that prisoners receive appropriate care for serious medical needs. (Doc. 1 ¶39). Third, a Section 1983 claim against Defendant McMullen and the other unnamed Defendants, in their individual capacities, for deliberate indifference to Decedent's constitutional right to appropriate medical care. (Doc. 1 ¶40).

## II. LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When a defendant asserts the defense of qualified immunity in a motion to dismiss under Rule 12(b)(6), "'the district court must'—as always—do no more than determine whether the plaintiff has 'file[d] a short and plain statement of his complaint, a statement that rests on more than conclusions alone.'" *Anderson v. Valdez*, 845 F.3d 580, 589–90 (5th Cir. 2016) (quoting *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995)).

Here, the only issue raised in the Motion *sub judice* is whether Defendants are entitled to qualified immunity. Qualified immunity shields a government official from liability for civil damages "when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would

have known." *City of Escondido, Calif. v. Emmons*, 139 S. Ct. 500, 503 (2019). Its intended purpose is to strike a balance "between the interests in vindication of citizens' constitutional rights and in public officials' effective performance of their duties" by making it possible for government officials "reasonably [to] anticipate when their conduct may give rise to liability for damages." *See Anderson v. Creighton*, 483 U.S. 635, 639 (1987) (quoting *Davis v. Scherer*, 468 U.S. 183, 195 (1984)). Put differently, "[q]ualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions. When properly applied, it protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

The United States Court of Appeals for the Fifth Circuit has devised a two-pronged test for qualified immunity. Courts must consider (1) "whether the facts, viewed in the light most favorable to the party asserting the injury, show that the official's conduct violated a constitutional right," and (2) "whether the right was 'clearly established.'" *Cunningham v. Castloo*, 983 F.3d 185, 190-91 (5th Cir. 2020). A court may analyze these prongs in either order, and resolve the case on a single prong. *Id.* at 190.

Plaintiffs need not point to a "case directly on point" for a court to determine a law is clearly established. *Morgan v. Swanson*, 659 F.3d 359, 371 (5th Cir. 2011). However, "existing precedent must have placed the statutory or constitutional question beyond debate." *Id.*

### III. DISCUSSION

#### a. Fourteenth Amendment Failure to Provide Medical Care

Plaintiffs' complaint alleges that that Defendants LeBlanc and Vannoy violated Decedent's Fourteenth Amendment rights by "establishing and maintaining a system that they knew would result in inmates with serious medical conditions, namely, drug overdoses, being placed in a location (LSP extended disciplinary lockdown) where they would be deprived of treatment for those serious medical emergencies." (Doc. 1 ¶ 38). Plaintiffs now concede, however, "that the Fourteenth Amendment is inapplicable to this claim, and that it should be dismissed." (Doc. 23, p. 7). Accordingly, Plaintiffs' Fourteenth Amendment claim for failure to provide medical care will be dismissed.

#### b. Eighth Amendment Failure to Provide Medical Care Claim

Plaintiffs allege that Defendants LeBlanc and Vannoy violated Decedent's Eighth Amendment right against cruel and unusual punishment by establishing an unconstitutional health care system that deprived him of access to emergency and life-saving medical services. (Doc. 23, p. 7). Defendants LeBlanc and Vannoy assert that they are entitled to qualified immunity from Plaintiffs' Eighth Amendment claim asserting a systematic failure to provide medical care. (Doc. 16-1, p. 9).

The Eighth Amendment to the Constitution prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. Although the Constitution does not mandate comfortable prisons, it prohibits inhumane ones. *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981).

To plead an Eighth Amendment violation based on the conditions of an

5

inmate's confinement, a plaintiff must allege conditions that "pos[e] a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The plaintiff must also allege that the defendant prison officials were deliberately indifferent to the inmate's health or safety. *Id.* at 834. This requires more than an allegation of mere negligence, but less than an allegation of purpose or knowledge. *Id.* at 835–36, 114 S.Ct. 1970. Rather, a prison official acts with deliberate indifference when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837, 114 S.Ct. 1970.

Whether a risk is substantial and the threatened harm is serious represents an objective test; whether prison officials consciously disregarded the risk represents a subjective one. *Hinojosa v. Livingston*, 807 F.3d 657, 665 (5th Cir. 2015) (citing *Ball*, 792 F.3d at 592. Furthermore, "[w]hether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Farmer*, 511 U.S. at 842, 114 S.Ct. 1970 (internal citation omitted).

For example, the Fifth Circuit has determined that a plaintiff successfully established that prison officials acted with deliberate indifference when the complaint alleged that defendants routinely reviewed reports of injuries and deaths and discussed those issues in meetings with their deputies. *Hinojosa v. Livingston*,

807 F.3d 657, 667 (5th Cir. 2015). In making this determination, the Fifth Circuit noted that the complaint alleged multiple actions taken by prison officials, suggesting that they were personally "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and also dr[ew] the inference." *Id.* at 667. The Court also noted that the complaint specifically alleged that defendants were personally aware of thirteen other deaths from conditions similar to those of the plaintiffs, occurring within the proceeding ten years. *Id.* at 667.

Here, Plaintiffs allege that Defendants LeBlanc and Vannoy violated Decedent's Eighth Amendment rights against cruel and unusual punishment by establishing and maintaining a system that they knew would deprive adequate medical treatment to inmates suffering from drug overdoses. (Doc. 1 ¶38). Plaintiffs point to *Lewis v. Cain*, 2021 U.S. Dist. LEXIS 63293 (M.D. La. Mar. 31, 2021) as evidence that Defendants LeBlanc and Vannoy knew that LSP's medical system was deficient. The Court in *Lewis* acknowledged that systemic deficiencies in a prison's health-care system can sometimes provide the basis for a finding of deliberate indifference at an institutional level. *Lewis*, 2021 U.S. Dist. LEXIS 63293, p. 101 (citing *Gates v. Cook*, 376 F.3d 323, 333 (5th Cir. 2004).

Plaintiffs also allege that Defendants Vannoy and Leblanc have "been unable to curb ongoing drug smuggling by LSP employees" and this unfettered illicit drug trafficking created a substantial risk of serious harm to Decedent. *See* (Doc. 1 ¶9). However, as currently pled, Plaintiffs' complaint is devoid of any allegation that Defendants Vannoy and Leblanc were personally aware of an "unconstitutional

7

medical system" or the "unfettered drug trade." Moreover, the allegations in the Complaint do not state with any level of specificity how many officers have been implicated in the alleged "drug trade," whether any such officers investigated for possible drug distribution are also connected to Decedent's drug use, or whether any such officer should have provided Decedent with medical care.

Accordingly, Plaintiffs' Eighth Amendment claim for failure to provide medical care against Defendants LeBlanc and Vannoy are dismissed without prejudice. The Court will grant Plaintiffs leave to amend the complaint, pursuant to Federal Rule of Civil Procedure 15(a)(2), to cure the deficiencies set forth herein within 14 days of the issuance of this ruling.

### c. Eighth Amendment Failure to Supervise Claim

Defendant Vannoy asserts that he is entitled to qualified immunity from Plaintiffs' Eighth Amendment claim for failure to supervise Officer McMullen and the other Unknown Officers. (Doc. 16-1, p. 9).

Under section 1983, a supervisory official may be liable for failure to train if the plaintiff shows that:

> "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference."

*Goodman v. Harris Cty.*, 571 F.3d 388, 395 (5th Cir. 2009) (quoting, *Smith v. Brenoettsy*, 158 F.3d 908, 911-12 (5th Cir. 1998). In this context, deliberate indifference means that the supervising official both knew of and disregarded a substantial risk of serious harm to the inmate's health or safety. *Farmer v. Brennan,*

8

511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

To establish deliberate indifference, "a plaintiff usually must demonstrate a pattern of violations and that the inadequacy of the training is obvious and obviously likely to result in a constitutional violation." *Cousin v. Small*, 325 F.3d 627, 637 (5th Cir.2003) (internal quotation omitted). "A pattern of similar constitutional violations by untrained [or unsupervised] employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train [or supervise]." *Connick v. Thompson*, 563 U.S. 51, 62 (2011) (Thomas, J.) (quoting *Bryan Cnty. Comm'rs v. Brown*, 520 U.S. 397, 409 (1997)); *see also Est. of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 383 n.34 (5th Cir. 2005) ("Claims of inadequate supervision and claims of inadequate training both generally require that the plaintiff demonstrate a pattern." (citations omitted)). While the specificity required should not be exaggerated, our cases require that the prior acts be fairly similar to what ultimately transpired. *Est. of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 383 (5th Cir. 2005).

Here, Plaintiffs assert that Officer McMullen's failure to provide Decedent with necessary medical treatment reflects a LSP policy, pattern, and practice of punishing suspected drug users rather than providing them with appropriate medical care. (Doc. 1 ¶24). Significantly, however, Plaintiffs' complaint does not facts establishing other, similar instances, sufficient to plausibly establish a pattern of such practices.

Accordingly, Plaintiffs' Eighth Amendment claim for failure to supervise will be dismissed without prejudice. Again, the Court will grant Plaintiffs leave to amend

their complaint pursuant to Federal Rule of Civil Procedure 15(a)(2) to cure the deficiencies set forth herein within 14 days of the issuance of this ruling.

### d. Officer McMullen

Finally, Plaintiffs' complaint alleges that Officer McMullen violated Decedent's rights under the First, Fourth, and Fourteenth Amendments, and the Privileges and Immunities Clause. Now, again, however, Plaintiffs concede that these claims are "inapplicable." (Doc. 23 at p. 14 n.76). Accordingly, Plaintiffs' claims against Officer McMullen under the First Amendment, Fourth Amendment, Fourteenth Amendment, and the Privileges and Immunities Clause will be dismissed with prejudice. Plaintiffs' Eighth Amendment claims against Officer McMullen remain.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the Defendants' **12(b)(6) Partial Motion to Dismiss (Doc. 16)** be and is hereby **GRANTED** as set forth herein.

**IT IS FURTHER ORDERED** that Plaintiffs shall submit their amended complaint, if any, within 14 days of the date of this Order. **Plaintiffs unexcused failure to timely submit an amended complaint will result in all claims dismissed herein being dismissed with prejudice.**

Baton Rouge, Louisiana, this 28th day of September, 2022

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA