# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**TRINITY MILLER, ET AL.**                                    **CIVIL ACTION**

**VERSUS**                                                          **NO. 21-353-BAJ-RLB**

**JAMES LEBLANC, ET AL.**

## ORDER

Before the Court is Defendants' Motion to Stay Discovery and Vacate Scheduling Order ("Motion to Stay"). (R. Doc. 39). The motion is opposed. (R. Doc. 41).

Also before the Court is Plaintiff's Motion to Extend Discovery Deadlines. (R. Doc. 42). The deadline for filing an opposition to this motion has not expired. LR 7(f).

## I.    Background

On June 18, 2021, Plaintiffs Trinity Miller (individually and on behalf of her deceased father Michael Miller) and Sarah Nicole George (on behalf of the minor B.M.)[1] brought this survival and wrongful death action regarding the death of Michael Miller ("Miller") while incarcerated at the Louisiana State Penitentiary ("LSP"). (R. Doc. 1). The named Defendants are James LeBlanc, in his capacity as the Secretary of the Louisiana Department of Corrections and Public Safety ("LeBlanc"), Darrel Vannoy, in his capacity as the warden of LSP ("Vannoy"), Officer Brandalynn McMullen, a correctional officer at LSP ("McMullen"), and unidentified officers ("Other Officers"). Plaintiffs allege that Miller died while incarcerated from an apparent drug overdose after ingesting a bag of drugs that McMullen tried to confiscate from him after a pat down search of his body.

---

[1] Janice and Jimmy Marcantel have been substituted as plaintiffs on behalf of the minor B.M. (R. Doc. 25).

In the Complaint, Plaintiffs alleged three causes of action. In Count 1, Plaintiffs alleged a violation of Miller's "right to be free from cruel and unusual punishment and the right to due process and equal protection of the laws as protected by the Eighth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983," which was allegedly violated by LeBlanc and Vannoy by failing to provide Miller access to appropriate medical care. (R. Doc. 1 at 8-9). In Count 2, Plaintiffs alleged that Vannoy "failed to supervise his subordinates, namely McMullen and Other Officer(s), to ensure that these subordinates did not ignore inmate's requests and needs for medical treatment. . . ." (R. Doc. 1 at 9) (emphasis removed). Finally, in Count 3, Plaintiffs alleged that McMullen and the "Other Officers" deprived Miller of "the right to reasonable and adequate medical care, the right to be free from cruel and unusual punishment, the right to be free from unreasonable searches and seizures, and the right to due process and equal protection of the laws as protected by the First, Fourth, Eighth, and Fourteenth Amendment and Article IV (Privileges and Immunities Clause) of the United States Constitutional and 42 U.S.C. § 1983." (R. Doc. 1 at 9-10).

LeBlanc, Vannoy, and McMullen filed a Partial Motion to Dismiss raising the defense of qualified immunity with respect to all claims other than the Eighth Amendment claim brought against McMullen. (R. Doc. 16).

Notwithstanding these assertions of qualified immunity, the parties sought a proposed Scheduling Order providing dates to conduct and complete discovery. (R. Doc. 17). The Court entered a Scheduling Order providing, among other things, the deadline to complete non-expert discovery by December 1, 2022. (R. Doc. 18). Defendants did not seek a stay of discovery while their Partial Motion to Dismiss was pending.

On September 28, 2022, the district judge granted the Partial Motion to Dismiss, dismissed all constitutional claims other than the Eighth Amendment claim brought against McMullen, and provided Plaintiffs with the opportunity to file an Amended Complaint to cure the dismissed Eighth Amendment claims for failure to provide medical care and failure to supervise. (R. Doc. 31).

On October 12, 2022, Plaintiffs filed the Amended Complaint, which again raises three causes of action. (R. Doc. 35).[2]  In Count 1, Plaintiffs allege a violation of Miller's "right to be free from cruel and unusual punishment and the right to due process and equal protection of the laws as protected by the Eighth Amendment of the United States Constitution and 42 U.S.C. § 1983," which was allegedly violated by LeBlanc and Vannoy by failing to screen and stop the introduction of drugs at LSP. (R. Doc. 35 at 9-10). In Count 2, Plaintiffs allege that LeBlanc and Vannoy "failed to supervise their respective subordinates, to ensure that these subordinates screened and detected the introduction of drug contraband." (R. Doc. 35 at 10). Finally, in Count 3, Plaintiffs allege that McMullen and the "Other Officers" deprived Miller of "the right to reasonable and adequate medical care, the right to be free from cruel and unusual punishment, the right to be free from unreasonable searches and seizures, and the right to due process and equal protection of the laws as protected by the Eighth Amendment and Article IV (Privileges and Immunities Clause) of the United States Constitutional and 42 U.S.C. § 1983." (R. Doc. 35 at 10-11).

On October 26, 2022, Defendants filed a second Motion to Dismiss, which remains pending before the district judge. (R. Doc. 37). Defendants seek dismissal under Rule 41(b) on

---

[2] Trinity Miller, who is not proceeding *pro se*, was not named as a plaintiff in this Amended Complaint. The sole named Plaintiffs in the Amended Complaint are Janice and Jimmy Marcantel on behalf of the minor child, B.M., individually and on behalf of B.M.'s deceased father, Michael Miller. (R. Doc. 35 at 1).

the bases that Plaintiffs have re-asserted dismissed claims against all Defendants under the

Fourteenth Amendment that are not cognizable, and Plaintiffs have attempted to bring new

Eighth Amendment claims against LeBlanc and Vannoy in violation of the district judge's ruling

on the first Partial Motion to Dismiss. (R. Doc. 37-1 at 7-8). Defendants seek dismissal under

Rule 12(b)(6) on the bases that all defendants are entitled to qualified immunity on the

Fourteenth Amendment claims, and LeBlanc and Vannoy are entitled to qualified immunity with

respect to the Eighth Amendment claims. (R. Doc. 37-1 at 8-13). Again, McMullen does not

assert qualified immunity with respect to the Eighth Amendment claim brought against him.

On November 10, 2022, Defendants filed the instant Motion to Stay in light of the

foregoing Motion to Dismiss, which raises the qualified immunity defense. (R. Doc. 39).

Defendants request a stay of all discovery in light of the Fifth Circuit decision *Carswell v. Camp*,

37 F.4th 1062, 1066 (5th Cir. 2022), *opinion withdrawn and superseded on denial of reh'g*, No.

21-10171, 2022 WL 17335977 (5th Cir. Nov. 30, 2022).

While Plaintiffs concede that a stay of discovery is warranted with respect to the claims

brought against LeBlanc and Vannoy, they nevertheless argue that discovery should proceed on

the Eighth Amendment claim brought against McMullen. (R. Doc. 41). In support of this

position, Plaintiffs argue that they have only asserted an Eighth Amendment claim in the

Amended Complaint against McMullen. (R. Doc 41 at 3-4). Plaintiffs argue that the Eighth

Amendment claim against McMullen is not "so intertwined" with the claims against LeBlanc

and Vannoy to allow a stay of discovery with respect to McMullen. (R. Doc. 41 at 4-7). Plaintiffs

also argue that there is good cause to allow discovery to proceed against McMullen, as such

discovery may "reveal which other officers were present when Mr. Miller died." (R. Doc. 41 at

7). Finally, Plaintiffs seek an extension of the discovery deadline set to expire on December 1,

2022 (the day Plaintiffs filed their opposition to the Motion to Stay and their own Motion to

Extend Discovery Deadlines). (R. Docs. 41 at 8; R. Doc. 42).

## II.    Law and Analysis

### A.    Legal Standards

Rule 26(c) of the Federal Rules of Civil Procedure allows the court to issue a protective

order after a showing of good cause "to protect a party or person from annoyance,

embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s

"good cause" requirement indicates that the party seeking a protective order has the burden "to

show the necessity of its issuance, which contemplates a particular and specific demonstration of

fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc,* 134

F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garret,* 571 F.2d 302, 3026 (5th Cir.

1990) (citation omitted).

"Trial courts possess broad discretion to supervise discovery." *Landry v. Air Line Pilots

Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) (citation omitted). "A trial court

has broad discretion and inherent power to stay discovery until preliminary questions that may

dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

"The qualified immunity defense affords government officials not just immunity from

liability, but immunity from suit." *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996)

(citing *Mitchell v. Forsyth*, 472 U.S. 511, 525-26 (1985)). Qualified immunity shields

government officials from individual liability for performing discretionary functions, unless their

conduct violates clearly established statutory or constitutional rights of which a reasonable

person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

The Fifth Circuit has clarified that all discovery involving a defendant raising the defense of qualified immunity must be stayed until resolution of the defense of qualified immunity:

> The Supreme Court has now made clear that a plaintiff asserting constitutional claims against an officer claiming [qualified immunity] must survive the motion to dismiss without *any* discovery.

*Carswell*, -- F.4th --, No. 21-10171, 2022 WL 17335977, at *3 (5th Cir. Nov. 30, 2022). In *Carswell*, the Fifth Circuit concluded that a district court abused its discretion by deferring its ruling on a motion to dismiss on qualified immunity grounds and subjecting the public official defendants to discovery on the plaintiff's *Monell* claims, which created an undue burden in light of increased litigation costs and complications caused by bifurcated discovery. *Id*. at *3-6. The Fifth Circuit expressly held that the required stay of discovery is not limited to claims to which the defense of qualified immunity is raised. *Id*.

In so ruling, the Fifth Circuit highlighted the Supreme Court's concerns about the burdens of litigation imposed on public officials. It also noted that these same burdens would be present if the Court allowed discovery to proceed against defendants in different capacities or against co-defendants that make no claim for qualified immunity:

> It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Id*. at *5 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 685-86 (2009)). "In other words, the Court ruled out even 'minimally intrusive discovery' against official defendants before a ruling that plaintiff had met his burden to overcome the qualified immunity defense at the pleading stage." *Carswell*, 2022 WL 17335977, at *5 (quoting *Iqbal*, 556 U.S. at 686).

6

Consistent with *Carswell*, the undersigned has stayed all discovery where a defendant has alleged qualified immunity and there was no practical manner to allow discovery to proceed against a co-defendant that has not raised a defense of qualified immunity without prejudicing the defendants who have raised the defense of qualified immunity. *See Henderson v. Bd. of Supervisors,* No. 21-297-JWD-RLB, 2022 WL 2654978 (M.D. La. July 8, 2022); *Cavalier v. La Dept. of Pub. Safety & Corrections, et al.*, No. 21-656-JWD-RLB, 2022 WL 3456533 (M.D. La. Aug. 17, 2022).[3]

### B.    Analysis

Having reviewed the Amended Complaint, the pending Motion to Dismiss, and the arguments of the parties, the Court finds it appropriate to stay all discovery until resolution of the pending Motion to Dismiss.

Foremost, there is an apparent dispute regarding whether the Amended Complaint only asserts Eighth Amendment claims. Indeed, while Claim 3 simply deletes references to the First, Fourth, and Fourteenth Amendments, it nevertheless claims violations of Miller's "right to due process and equal protection of the laws." (R. Doc. 35 at 11). There is no dispute that McMullen has asserted a "qualified immunity" defense with respect to any asserted Fourteenth Amendment claim.

The Court need not decide in the context of this ruling whether the Amended Complaint is properly interpreted as re-asserting Fourteenth Amendment claims. It is sufficient to find that the *Carswell* decision, as superseded, forecloses any discovery involving LeBlanc and Vannoy while their qualified immunity defenses remain pending, including any discovery pertaining to

---

[3] The *Henderson* and *Cavalier* decisions relied on the now-withdrawn version of the *Carswell* opinion. *See Carswell v. Camp*, 37 F.4th 1062, 1066 (5th Cir. 2022), *opinion withdrawn and superseded on denial of reh'g,* No. 21-10171, 2022 WL 17335977 (5th Cir. Nov. 30, 2022).

the Eighth Amendment claim raised against McMullen. The Court must stay all discovery with

respect to the defendants who have raised the defense of qualified immunity, even discovery

pertaining to claims to which the qualified immunity defense does not apply, because such

discovery would present an undue burden to the defendants who have raised qualified immunity

defenses. *Carswell*, 2022 WL 2186363, at *4-5.

It is sufficient to observe that in this case, Plaintiffs have alleged that each of the

Defendants violated Miller's due process and equal protection rights by acting with deliberate

indifference and disregard for Miller's safety by allowing his death by overdose while

incarcerated. Even though Plaintiffs' claims against LeBlanc and Vannoy are limited to failure to

implement drug detection and screen policies and failure to properly train and supervise their

employees, there is no practical manner by which the Court could limit bifurcated discovery on

the alleged deliberate indifference of McMullen. Any discovery with respect to McMullen's

actions or inactions under LSP policy would bring into question her training and supervision.

The underlying factual allegations are so intertwined that allowing discovery to proceed solely

against McMullen would inherently, and inappropriately, require LeBlanc and Vannoy to

participate in the discovery process. *Iqbal*, 556 U.S. at 68-65. ("Even if petitioners are not yet

themselves subject to discovery orders, then, they would not be free from the burdens of

discovery."). The Court finds no plausible manner in which bifurcated discovery could proceed

with respect to McMullen without implicating, and unduly burdening, LeBlanc and Vannoy.

Given the allegations in this action, as well as the Fifth Circuit's directives in *Carswell*,

the Court finds it appropriate to stay all discovery in this action until resolution of the pending

Motion to Dismiss. Even if such discovery is not completely foreclosed by *Carswell*, the Court

finds good cause pursuant to Rule 26(c) to stay all discovery given the undue burden that such

discovery would impose on LeBlanc and Vannoy while their qualified immunity defenses are pending.

## III.    Conclusion

**IT IS ORDERED** that Defendants' Motion to Stay Discovery (R. Doc. 39) is **GRANTED**, and discovery is **STAYED** until further order of the Court. The parties shall contact the undersigned after the resolution of the Motion to Dismiss addressing the issue of qualified immunity for the issuance of a new scheduling conference order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Discovery Deadlines (R. Doc. 42) is **DENIED WITHOUT PREJUDICE.** The Court will set new discovery deadlines as necessary after the resolution of the pending Motion to Dismiss.

Signed in Baton Rouge, Louisiana, on December 7, 2022.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE